UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Estarling Melendez,

Petitioner,

v.

Jerry Spatny, Warden,

Respondent.

Case No. 1:21-cv-1850

MEMORANDUM OPINION
AND ORDER

## I. INTRODUCTION

Petitioner Estarling Melendez[1] filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, concerning his murder conviction in the Cuyahoga County, Ohio Court of Common Pleas. (Doc. No. 1). Magistrate Judge Amanda N. Knapp reviewed the petition as well as the related briefing pursuant to Local Rule 72.2(b)(2) and recommends I deny Melendez's petition. (Doc. No. 13). Melendez filed objections to Judge Knapp's Report and Recommendation. (Doc. No. 14). For the reasons stated below, I overrule Melendez's objections and adopt Judge Knapp's Report and Recommendation.

## II. BACKGROUND

On September 5, 2003, Melendez pled guilty to one count of murder. (Doc. No. 10-1 at 14). Melendez waived preparation of a pre-sentence investigation report, and, on the same date, he was

[1] Melendez is incarcerated at the Grafton Correctional Institution in Grafton, Ohio, where Jerry Spatny currently is the Warden. Therefore, I order the Clerk of Court to substitute Spatny as the Respondent in this case. Fed. R. Civ. P. 25(d).

sentenced to a prison term of 15 years to life and a 5-year term of post-release control. (*Id.*). Melendez did not file an appeal.

Over 14 years later, on January 22, 2018, Melendez filed a *pro se* "Motion To Correct A Facially Illegal Sentence" and requested a hearing. (*Id.* at 16). Melendez argued the trial court's judgment entry was invalid because it did not specify that Melendez was sentenced to "an indefinite term of fifteen years to life" and because the trial court lacked the authority to impose a term of post-release control. (*Id.* at 17-22). The State conceded both points, (*id.* at 26-28), and the trial court appointed counsel, Gregory Troyan, to represent Melendez on his motion and set the matter for a hearing.

On the day of the hearing, Troyan informed the court that, in addition to his motion to correct his sentence, Melendez wanted to file a motion to withdraw his plea because he believed his invalid sentence rendering his guilty plea null and void. (Doc. No. 10-2 at 31-32). Troyan indicated that, due to the late nature of this disclosure, he was not prepared to argue a motion to withdraw Melendez's guilty plea and requested that the trial court appoint another attorney to assist Melendez with filing that motion if appropriate. (*Id.*). After some further discussion, the trial court confined the hearing to Melendez's motion for resentencing and instructed Melendez to file a written motion if he wished to pursue his plea withdrawal arguments. (*Id.* at 33-36). The trial court then granted the resentencing motion and imposed a sentence "of an indefinite term of 15 years to life" in prison with no term of post-release control. (*Id.* at 37).

Melendez filed an appeal and, through newly appointed counsel, argued (1) he was denied due process when the trial court refused to allow him to assert his motion to withdraw his plea during the resentencing hearing, (2) Troyan provided ineffective assistance when he failed to request a continuance or object to the trial court's refusal to consider Melendez's motion to withdraw his plea, and (3) the trial court denied him his statutory right of allocution prior to imposing his

sentence. *See State v. Melendez*, 2019-Ohio-533, 2019 WL 643988 (Ohio Ct. App. Feb. 14, 2019). Melendez's appeal was denied, *id.*, as was his motion for *en banc* consideration and his appeal to the Supreme Court of Ohio. (Doc. No. 10-1 at 95-96, 126).

After pursuing an unsuccessful motion to reopen his appeal of the Eighth District Court of Appeals of Ohio's February 14, 2019 decision, (*see id.* at 127-87), Melendez filed a motion to withdraw his September 5, 2003 guilty plea. (*Id.* at 188-206). The trial court denied the motion, and the Eighth District Court of Appeals affirmed. *See State v. Melendez*, 2020-Ohio-6736, 2020 WL 7396523 (Ohio Ct. App. Dec. 17, 2020). Melendez's subsequent appeal to the Supreme Court of Ohio and his motion to reopen his appeal also were unsuccessful. (*See* Doc. No. 10-1 at 514, 595-600). Melendez filed his habeas petition on September 28, 2021.

"In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). Melendez must demonstrate, by clear and convincing evidence, that the state court's factual findings were incorrect. *Id.* *See also Burt v. Titlow*, 571 U.S. 12, 18 (2013) ("The prisoner bears the burden of rebutting the state court's factual findings 'by clear and convincing evidence.'") (quoting 28 U.S.C. § 2254(e)(1)).

He has not done so. While he asserts Judge Knapp "erroneously afford[ed] a presumption of correctness to the state court's factual findings and legal conclusions, . . . where such factual findings are clearly erroneous based upon the clear and convincing evidence of the record," Melendez does not identify any such evidence. (Doc. No. 14 at 7, 9-10). Instead, Melendez in essence objects to Judge Knapp's refusal to adopt his interpretation of the record evidence. Because this is not the standard § 2254(e)(1) imposes, I overrule his objections and adopt those sections of the Report and Recommendation in full. (Doc. No. 13 at 2-12).

## III. Discussion

### A. Objections

Once a magistrate judge has filed a report and recommendation, a party to the litigation may "serve and file written objections" to the magistrate judge's proposed findings and recommendations, within 14 days of being served with a copy. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Written objections "provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately' . . . [and] 'to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute.'" *Kelly v. Withrow*, 25 F.3d 363, 365 (6th Cir. 1994) (quoting U*nited States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981) and *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). A district court must conduct a *de novo* review only of the portions of the magistrate judge's findings and recommendations to which a party has made a specific objection. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

Judge Knapp issued her Report and Recommendation on June 10, 2024. Therefore, Melendez's objections were due no later than June 24, 2024. But he did not file his objections until August 15, 2024. Melendez claims he filed a motion to extend the objections deadline and that "[t]he Court" granted the motion, making his objections timely.

But Melendez does not represent when he filed his motion for an extension, who – either Judge Knapp or I – granted the motion, when the motion was granted, and what new deadline allegedly was set. Nor could he, because neither a motion for an extension or an order granting that alleged motion was ever filed on the docket.

The failure to file timely written objections to the Magistrate Judge's Report and Recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas,* 728 F.2d at 815; *see also Walters,* 638 F.2d at 950, and *Smith v. Detroit Fed'n of*

*Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review").

Because Melendez failed to file timely objections to Judge Knapp's Report and Recommendation, he has waived review of the issues contained in the Report and Recommendation. Following my review of Judge Knapp's Report and Recommendation, I accept Judge Knapp's recommendations and conclude that Melendez's claims are not cognizable in federal habeas review or, in the alternative, fail on their merits.

**B. SECTION 2254**

Even if I were to excuse Melendez's waiver of review, he would not be entitled to relief.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prohibits the issuance of a writ of habeas corpus "with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Melendez presents the following grounds for relief:

> **Ground One**: Petitioner's due process [rights] were violated under the 5th 6th and 14th Amendments of the U.S. Constitution.
>
> **Supporting Facts:** The trial court refused to allow Petitioner's right to allocution in mitigation when he was resentenced to [an] indefinite 15 years to life sentence.
>
> **Ground Two**: Ineffective assistance of counsel
>
> **Supporting Facts:** Petitioner was denied his Sixth Amendment right to effective assistance of counsel . . . counsel admittedly did not prepare nor forcefully advocate for Petitioner's [meritorious] null and void guilty plea and sentence which

> were, properly submitted, and before the court in his pre-sentence motion to withdraw guilty plea.
>
> **Ground Three:** Petitioner's guilty plea was not knowing, voluntary, or intelligent in violation of Petitioner's Fifth and Fourteenth Amendment[ rights].
>
> **Supporting facts:** The trial court erred when it unlawfully informed Petitioner that his guilty plea sentence would be a mere 15-life depriving him of the ability to enter his plea with sufficient awareness of [its] indefinite nature and the consequences.
>
> **Ground Four:** Fifth Amendment right to procedural due process
>
> **Supporting facts:** Petitioner's right to procedural due process [was] violated when, the trial court completely failed to formally accept Petitioner's plea of guilty nor actually found Petitioner guilty of murder in open court resulting in a void plea of guilt.

(Doc. No. 1 at 5-10).

### 1. Ground One

Judge Knapp recommends I deny Melendez's first ground for relief because it does not state a cognizable claim for federal habeas relief. (Doc. No. 13 at 15-16). Melendez previously conceded this point, (Doc. No. 12 at 12), and he does not object to Judge Knapp's recommendation. (*See* Doc. No. 14). Therefore, I adopt Judge Knapp's recommendation and deny the petition as to Ground One.

### 2. Ground Two

Judge Knapp recommends I deny the petition as to Ground Two because Melendez did not have a constitutional right to counsel to assist him with his motion to withdraw his guilty plea. (Doc. No. 13 at 16-22).

An ineffective assistance of counsel claim requires proof the petitioner's attorney provided deficient representation, as well as that the attorney's deficient performance caused the petitioner to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance may be

found to be deficient if it is "objectively unreasonable under prevailing professional norms." *Hodges v. Colson*, 727 F.3d 517, 534 (6th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). In order to establish prejudice, a defendant must show "there is a reasonable possibility that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Hodges*, 727 F.3d at 534 (citing *Strickland*, 466 U.S. at 694). If a court "can more easily dispose of an ineffective-assistance-of-counsel claim for lack of prejudice, [it] need not consider counsel's alleged deficiencies in performance." *Winborn v. United States*, 602 F. App'x 298, 301 (6th Cir. 2015) (citing *Ross v. United States,* 339 F.3d 483, 492 (6th Cir. 2003)).

When the defendant asserts an ineffective assistance claim in a habeas petition, the petitioner must show "the state court's rejection of that claim was 'contrary to, or involved an unreasonable application of' *Strickland*, or rested 'on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Nichols*, *v. Heidle*, 725 F.3d 516, 540 (6th Cir. 2013) (quoting 28 U.S.C. § 2254(d)). Thus, the AEDPA mandates that a habeas court's review of the state court's ineffective-assistance analysis is "doubly deferential." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (citations omitted).

A habeas petitioner cannot bring a claim for ineffective assistance of counsel if the petitioner did not have a constitutional right to counsel at a given stage of the proceedings. *See, e.g., McGuire v. Warden, Chillicothe Corr. Inst.*, 738 F.3d 741, 748 (6th Cir. 2013) (citing *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)).

Melendez objects to Judge Knapp's recommendation that I deny his ineffective assistance claim because he was not constitutionally entitled to counsel when he sought to withdraw his plea during the resentencing hearing. (Doc. No. 14 at 1-7). In Melendez's view, the fact that he raised his motion to withdraw before the trial court entered judgment resentencing him on his murder conviction, his conviction was not yet final. Therefore, he reasons, he had a constitutional right to

counsel to pursue a motion to withdraw his plea just as he would have if he sought to withdraw his plea prior to being sentenced in September 2023.

But Ohio law provides that "[a] motion to withdraw a guilty plea is treated as a postsentence motion under [Ohio Criminal Rule] 32.1 when the motion attacks the failure to comply with statutory requirements regarding the imposition of postrelease control." *State v. Melendez*, 2019 WL 643988, at *2 (citing *State v. Skipworth*, 2016-Ohio-3069, 2016 WL 2941269 (Ohio Ct. App. May 19, 2016), and *State v. Rogers*, 2013-Ohio-3246, 2013 WL 3895354 (Ohio Ct. App. July 25, 2013)). The Eighth District Court of Appeals' interpretation of Ohio Criminal Rule 32.1 is a matter of state law, and "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).

While Melendez alleges the Eighth District Court of Appeals' application of state law violated his procedural due process rights, he has not met his burden on that issue. "In order to show a due process violation based on a state court's decision on state law grounds, [a petitioner] must show that the state court's determination was so 'fundamentally unfair' that it deprived him of due process. *Lusane v. Bracy*, No. 5:18-CV-0632, 2020 WL 8458807, at *22 (N.D. Ohio Feb. 27, 2020), *report and recommendation adopted,* No. 5:18-CV-00632, 2021 WL 164220 (N.D. Ohio Jan. 19, 2021) (quoting *Sandoval v. Toledo Corr. Inst.,* 409 F. App'x 847, 850 (6th Cir. 2010)) (further citations omitted). Only actions "that implicate the 'fundamental conceptions of justice which lie at the base of our civil and political institutions'" are considered fundamentally unfair. *Lusane*, 2020 WL 8458807, at *22 (quoting *Mooney v. Holohan*, 294 U.S. 103, 112 (1935)).

I am not persuaded that the state courts' treatment of Melendez's motion to withdraw as a post-conviction motion is fundamentally unfair. Melendez raised the motion 14 years after pleading guilty at a resentencing hearing during which he was resentenced to "an indefinite term of 15 years to life" without a term of post-release control, rather than to a sentence of "a term of 15 years to

life" with post-release control. That hearing arose not because of a constitutional issue, but because of the trial court's alleged violation of a state statutory rule.

Melendez fails to demonstrate that the state courts' interpretation of Ohio Criminal Rule 32 violated "fundamental conceptions of justice." *Mooney*, 294 U.S. at 112. Therefore, Melendez's ineffective assistance claim rests only upon the denial of counsel to assist him with a claim for which he lacked any constitutional right to counsel. I overrule his objection to Judge Knapp's recommendation and deny his petition as to Ground Two.

### 3. GROUND THREE

Judge Knapp also recommends I deny Melendez's petition as to Ground Three because his claim is either not cognizable in federal habeas proceedings or lacks merit. (Doc. No. 13 at 22-27). Melendez objects, repeating his argument that "his guilty plea was not knowingly, voluntarily, or intelligently made in violation of his [rights under the] Fifth and Fourteenth Amendments of the U.S. Constitution, because the trial court's explanation of his sentence did not provide him with sufficient awareness of the indefinite nature and the consequences of his 15-year to life sentence." (Doc. No. 14 at 8) (citation and internal quotation marks omitted).

But Melendez's claim is entirely contradicted by the record evidence. During the plea colloquy, the trial court informed Melendez that he faced "a mandatory penalty of 15 years to life," which meant "the Parole Board, not the court, can keep [him] incarcerated for the remainder of [his] life." (Doc. No. 10-2 at 11). When asked if he understood that, Melendez responded "Yes, ma'am." (*Id.*).

And later in the change of plea hearing, the trial court stated:

> . . . [Y]ou're going to be 40 years old before you even have an opportunity to go before the Parole Board. And nobody knows if the Parole Board will release you or continue you on and when the next hearing will be or how long. <u>You could be in there for the rest of your life. Do you understand that</u>?"

(Doc. No. 10-2 at 23) (alteration and emphasis added). Melendez again responded "Yes, ma'am." (*Id.*).

Melendez fails to offer any evidentiary support for his claim and, therefore, he cannot show the state courts' rejection of his motion to withdraw his plea "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). I overrule his objection and deny his petition on this ground for relief.

**4. Ground Four**

In Ground Four, Melendez alleges the trial judge who presided over his change of plea hearing, Cuyahoga County Common Pleas Court Judge Mary Boyle, violated his procedural due process rights when it "completely failed to formally accept Petitioner's plea of guilty nor actually found Petitioner guilty of murder in open court" during his 2003 change of plea and sentencing hearing. (Doc. No. 1 at 10). Judge Knapp recommends I deny this ground for relief because it is not cognizable in federal habeas proceedings or because Melendez has failed to demonstrate by clear and convincing evidence that the factual determination made by former Cuyahoga County Common Pleas Court Judge and now United States District Judge J. Philip Calabrese that Judge Boyle had accepted his plea was unreasonable.

Melendez objects, arguing that "just because the trial court 'found' he had entered pleas of guilty to those charges, does not equate 'accepting that plea in open court.'" (Doc. No. 14 at 10).

While he does not say so explicitly, Melendez's argument is that a trial judge's failure to use the word "accept" violates the Due Process Clause of the Fifth Amendment. But he does not cite any case in which a court agreed with such an argument and my own research has not uncovered such a case.

After discussing the constitutional rights Melendez would waive by pleading guilty and the elements of the murder charge to which he would plead,[2] (Doc. No. 10-2 at 9-16), Judge Boyle asked Melendez for his plea. (*Id.* at 18). When Melendez responded "[g]uilty," Judge Boyle stated: "[l]et the record reflect the defendant, Estarling Melendez, with a full understanding of his rights, enters a plea of guilt to Count 1 as amended to a straight murder with no firearm specifications in case 436652. Counts 2, 3, and 4 of that case number are hereby nolled . . . ." (*Id.*). Judge Boyle proceeded to sentence Melendez and subsequently entered a journal entry in which she stated "defendant retracts former plea of not guilty and enters a plea of guilty to murder . . . . Court finds defendant guilty." (Doc. No. 10-1 at 14). Judge Calabrese's conclusion that this "record shows that the trial court accepted Mr. Melendez's plea and, based on that plea, made a finding of guilt" was a reasonable "determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

I overrule Melendez's objection and deny his petition as to Ground Four.

### C. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Melendez's petition has not met this standard.

[2] Melendez also pled guilty to an unrelated robbery charge; Melendez does not challenge that conviction in his petition.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

## IV. Conclusion

For the reasons stated above, I overrule Petitioner Estarling Melendez's objections, (Doc. No. 14), to Judge Knapp's Report and Recommendation, (Doc. No. 13), and adopt the Report and Recommendation in full. I deny his first ground for relief because it is not cognizable in federal habeas proceedings and deny his second, third, and fourth grounds for relief because they lack merit.

I also conclude Melendez fails to make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(b)(2), and decline to issue a certificate of appealability.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge